UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN M. HOOGE,<br><br>    Plaintiff,<br><br>v.<br><br>L. MICHELLE SUGERMAN, et al.,<br><br>    Defendants. | Case No. 2:25-cv-00592-APG-NJK<br><br>**Order**<br><br>[Docket No. 48] |

Pending before the Court is Defendants' motion to stay discovery or, in the alternative, to extend discovery. Docket No. 48; *see also* Docket Nos. 15 (Defendants' motion to dismiss), 34 (Defendants' motion for leave to supplement motion to dismiss). Plaintiff filed a response. Docket No. 53. Defendants filed a reply. Docket No. 54. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

On May 21, 2025, Defendants filed a motion to dismiss. Docket No. 15. On October 8, 2025, Defendants filed a motion for leave to supplement their motion to dismiss. Docket No. 34. On November 19, 2025, Defendants filed an emergency motion to stay discovery. Docket No. 40. The Court denied that motion without prejudice. Docket No. 43. On November 26, 2025, Defendants filed a stipulation for substitution of counsel and the instant motion to stay discovery or, in the alternative, to extend discovery. Docket Nos. 47, 48. The Court granted the stipulation for substitution of counsel. Docket No. 52. The Court now considers the motion to stay discovery and the alternative request to extend discovery in turn. Docket No. 48.

**II.    MOTION TO STAY DISCOVERY**

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking to avoid discovery bears the burden of persuasion. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175

1

F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in nature and scope; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *See Tradebay*, 278 F.R.D. at 602-03.

The circumstances of this case do not warrant a stay of discovery at this late stage in the discovery period. The underlying motion to dismiss was filed on May 21, 2025, and has been briefed since August 1, 2025. *See* Docket Nos. 15, 18, 26. Notwithstanding the pendency of that motion, the moving Defendants did not seek to stay discovery at that time.[1] The moving Defendants filed the pending motion to stay discovery on November 26, 2025, just three weeks before the discovery cutoff. *See* Docket Nos. 48, 37 (order extending discovery cutoff to December 17, 2025). The discovery period closed just five days after the instant motion was fully briefed. *See* Docket No. 54 (Defendants' reply filed on December 12, 2025). Given these circumstances, Plaintiff asserts that "[a] stay would not be just speedy, or inexpensive" and "would contradict the prime directive of [Federal Rule of Civil Procedure 1]." Docket No. 53 at 3.

The Court agrees with Plaintiff that a stay of discovery is not warranted here. The moving Defendants did not properly seek to stay their discovery obligations and their reply brief to the motion to stay discovery was filed with just five days left in the discovery period. Given the circumstances, it does not advance the objectives in Rule 1 to stay discovery at this late juncture. *E.g., JoshCo Tech, LLC v. MJJ&L Holdings, LLC*, No. 2:20-CV-00428-APG-NJK, 2020 WL 8254262, at *2 (D. Nev. Sept. 2, 2020).

### III. MOTION TO EXTEND DISCOVERY

In the alternative, Defendants request that the Court extend discovery. Docket No. 48. Defendants submit that the appearance of new counsel in this matter and newly substituted counsel

---

[1] Defendants later filed an emergency motion to stay discovery on November 19, 2025. Docket No. 40.

2

needing additional time to familiarize themselves with this litigation are factors that the Court should consider in determining whether good cause exists. *See id.* at 10-11. Further, Defendants assert that substitution of counsel was made in order to protect their interests, and they attached a declaration of their insurance carrier's claim director to attest to the reason behind the decision to substitute counsel. *See id.* at 11; *see also* Docket No. 48-3. Additionally, Defendants seek to reopen the deadline to file initial expert disclosures. *See* Docket No. 48 at 11. Plaintiff opposes both requests. *See* Docket No. 53.

First, as Plaintiff points out, Defendants incorrectly assert only the good cause standard to reopen the expert witness deadline, when both good cause and excusable neglect must be shown in order to reopen an expired deadline. *See* Docket No. 53 at 3; *see also* LR IA 6-1 ("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect"); *see also* LR 26-3; *see also* Fed. R. Civ. P. 6(b)(1)(B). The deadline for initial expert disclosures expired prior to the instant motion's filing. *See* Docket No. 27 at 1 (setting a September 18, 2025, deadline for initial expert disclosures). Therefore, the instant request fails to address the appropriate standard.

Second, Defendants fail to comply with the requirements of Local Rule 26-3 for motions to extend time. The instant motion fails to include a statement specifying the discovery completed, a specific description of the discovery that remains to be completed, and a proposed schedule for completing all remaining discovery. *See* LR 26-3(a)-(d).

**IV.  CONCLUSION**

Accordingly, the Court **DENIES** Defendants' motion to stay discovery. Docket No. 48. Further, the Court **DENIES** Defendants' alternative request to extend discovery. Docket No. 48.

IT IS SO ORDERED.

Dated: December 19, 2025

_____
Nancy J. Koppe
United States Magistrate Judge